IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TODD J. LLOYD,

      Plaintiff,

v.                                                                                   Case No. 5:14-CV-3137-JTM

TRISH ROSE, Reno County District Judge, et al.,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff Todd J. Lloyd filed a pro se civil complaint pursuant to 42 U.S.C. § 1983.  The court previously screened the original Complaint filed herein and granted plaintiff thirty (30) days in which to submit to the court an initial partial filing fee of $6.00, show good cause as to why his original Complaint should not be dismissed for the reasons stated therein, and file a complete and proper Amended Complaint upon court-approved forms that cured all the deficiencies and complied with all the directions set forth therein.  Dkt. 11.  The matter is now before the court for consideration of plaintiff's payment of the filing fee and compliance with the screening order and screening of plaintiff's Amended Complaint.  Having considered all the material submitted by plaintiff, the court concludes that plaintiff failed to pay the partial filing fee, as ordered.  Accordingly, this action is dismissed without prejudice.

**Allegations and Claims**

In his Complaint, plaintiff alleges as follows.  In October 2014, on two occasions in Reno County District Court, Judge Trish Rose ordered plaintiff "to serve a 60-day jail sentence and to

remain in custody until released straight to in-patient drug treatment" for "violating [his] community corrections."[1]   Both times, upon plaintiff's release from custody, he was released without going to treatment.  Plaintiff's corrections officer, Don Wilkins, did not put him back in jail after being unable to secure inpatient drug treatment.  Although plaintiff tried to stay clean, he relapsed both times.  Plaintiff has a drug problem that he is unable to overcome, making him suicidal at times.  After his release, plaintiff did not report to the corrections office.

On April 23, 2014, Wilkins visited plaintiff's residence, where he lived with his parents. At the time of Wilkins' visit, plaintiff was high, with his girlfriend, and talking about suicide. When he saw Wilkins at the door, plaintiff left the house with his girlfriend.   When law enforcement finally caught up to the pair, plaintiff told them to shoot him.

In an attachment to the Complaint apparently filed by plaintiff's girlfriend, the factual allegations continue as follows.  Once law enforcement made contact with the pair, plaintiff "threw his knives and dropped to his knees and surrendered to the officers on scene."  One of the officers then kicked plaintiff in the face, after which plaintiff jumped up and began protesting. Another officer tased plaintiff while two additional officers punched and kicked him and tackled him to the ground.   Once plaintiff was on the ground and handcuffed, some of the officers continued to knee and punch him and used their elbows while another officer tased him. Plaintiff stated that he could not breathe but was told to stop resisting.

Following this altercation, plaintiff was arrested and charged with several offenses including the kidnapping of his girlfriend.  Judge Rose thereafter held a probation revocation hearing in Case No. 12 CR 610, found plaintiff guilty of violating probation, and sentenced him

---

[1] In February 2013, plaintiff was convicted of aggravated battery and sentenced to community corrections probation. Dkt. 4-1.  Thereafter, he was ordered to serve two 60-day jail sentences as sanctions for probation violations.  Judge Rose ultimately revoked his probation.

to serve his underlying sentence.  Dkt. 4-1.  Despite being incarcerated, plaintiff continued to use

methamphetamine that was smuggled into the facility and tried to hang himself.

In his Complaint, plaintiff alleged denial of equal protection of the law and Fourteenth

Amendment due process, and police brutality/excessive and disproportionate use of force in

violation of the Fourth Amendment.  In his request for relief, plaintiff sought dismissal of Case

No. 14 CR 313, which is the criminal case in which plaintiff was arrested and charged with the

kidnapping of his girlfriend.  He also sought reinstatement of the "corrections order" requiring

him to be placed in inpatient drug treatment upon his release.  Dkt. 1.[2]

**Filing Fee**

The fees for filing a civil action in federal court total $400.00 and consist of the statutory

fee of $350.00 under 28 U.S.C. § 1914(a) plus an administrative fee of $50.00; or for one granted

leave to proceed without prepayment of fees the fee is $350.00.  Plaintiff submitted an

Application for Leave to Proceed without Prepayment of Fees along with his inmate account

information as required.  Dkt. 2.  However, at the time of the screening order, plaintiff had only

been confined for a month, so his financial information was for that single month rather than a

six-month period.[3]  Upon examining plaintiff's inmate account, the court found that the average

monthly deposit for the month of July 2014 was $30.41, and the average monthly balance was

much less.  The court therefore assessed an initial partial filing fee of $6.00, twenty percent of

the average deposit during the month of July 2014 rounded to the lower half dollar.  Dkt. 11, at

10.  Plaintiff was ordered to pay this initial partial filing fee before proceeding with this action

---

[2] In a series of filings made after plaintiff's Complaint, plaintiff submitted numerous exhibits, letters to the court, and papers with additional allegations.  Dkts. 3, 4, 5, 6, 7, 9, 10.  These were denied without prejudice.  Dkt. 11.

[3] Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of the civil action.

and was warned that a failure to do so within the prescribed period might result in the dismissal of the action without further notice.  Dkt. 11, at 10.

The court has reviewed the record and determines that plaintiff has failed to pay this filing fee.  Accordingly, plaintiff's action is dismissed, without prejudice, in its entirety.

**IT IS THEREFORE ORDERED**, this 21st day of August, 2015, that plaintiff's Motion to Amend Complaint (Dkt. 12) is hereby denied without prejudice for failure to pay partial payment of filing fees.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE