IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TODD J. LLOYD,

      Plaintiff,

v.

                                                                                         Case No. 14-3137-JTM

ERIC C. BULLER, *et. al*.,

      Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Todd J. Lloyd filed a pro se complaint pursuant to 42 U.S.C. § 1983 alleging three Hutchinson Police Department officers, as well as a Reno County intensive supervision officer, violated his constitutional rights when they used excessive force during his arrest. Dkt. 19. All four defendants move for dismissal of the First Amended Complaint, arguing they are entitled to qualified immunity. Dkt. 21. As part of his opposition, plaintiff filed two motions to admit evidence (Dkt. 36 and 38) and a motion to compel defendants to produce the audio/video dash-camera footage of the arrest (Dkt. 39). Defendants countered with a motion to stay discovery (Dkt. 41) pending a ruling on their motion to dismiss. For the reasons stated below, the court denies the motion to dismiss and all related motions.

**I.     Factual Background**

The First Amended Complaint ("FAC") alleges, in pertinent part:

On April 24, 2014, officers from the Hutchinson Police Department went to plaintiff's residence to arrest him on a warrant for a community corrections violation. According to plaintiff, he and his girlfriend, Jennifer Hartman, were walking down the street near his mother's house when defendants Eric Buller and Josh Radloff, officers with the Hutchinson Police Department, approached them.

When Officer Buller got out of his patrol vehicle, he told plaintiff "he was under arrest and to stop." FAC at 4. At that time, plaintiff was under the influence of methamphetamine. Plaintiff, in an effort to get Officers Buller and Radloff to shoot him, pulled out two knives and yelled for them to shoot him. Ms. Hartman, not wanting anything to happen to plaintiff, positioned herself between him and the officers. Plaintiff then climbed over a fence and Ms. Hartman followed him.

Once plaintiff and Ms. Hartman made it back to a paved road, Officers Buller and Radloff, now with Don Wilkins, plaintiff's intensive supervision officer, approached them. Officer Radloff told Ms. Hartman to get down. Ms. Hartman continued to keep herself between plaintiff and the officers, but eventually dropped to her knees. Plaintiff then threw down his knives and dropped to his knees. As plaintiff began to lay face down on the ground, Officer Radloff ran up and kicked plaintiff in the face, causing plaintiff to rear up in a defensive position and ask, "why did you kick me?" Officer Radloff then tased plaintiff, while Officer Buller tackled plaintiff to the ground. While plaintiff was on the ground, Officer Buller began punching plaintiff on his head, back, and arms. At the same time, Officer Radloff struck plaintiff's back with his taser several times, with each hit sending a circuit of shock.

Officer Carey then arrived and joined the assault on plaintiff. *Id.* at 6. Carey punched and kneed plaintiff on the back. Wilkins also kneed plaintiff in the back. Radloff then placed the nose of his taser against plaintiff's back and delivered a "drive stun" even though plaintiff was not resisting arrest or fighting defendants. *Id.* at 6, 9. Plaintiff was then placed in handcuffs.

While hand-cuffed, Radloff pressed plaintiff's face into the dirt and Buller, Wilkins, and Carey continued punching and kneeing plaintiff's back and arms for about a minute. Radloff straightened up his body and delivered a knee drop onto plaintiff, causing him to go unconscious.

Plaintiff was placed into a police vehicle and charged with kidnapping. Plaintiff was later convicted of kidnapping.

## II. Legal Standards
### A. Motion to Dismiss

Rule 12(b)(6) allows dismissal of a complaint only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *Iqbal*, 556 U.S. at 678. The court construes any reasonable inferences in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

### B. Qualified Immunity and Excessive Force

The doctrine of qualified immunity protects government officials who perform discretionary government functions from liability for civil damages and the obligation to defend the action. *See Johnson v. Fankell*, 520 U.S. 911, 914 (1997); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This immunity is applicable only if the official's conduct did not violate clearly established constitutional or statutory rights that would have been known by a reasonable government official. *See Harlow*, 457 U.S. at 818; *McFall v. Bednar*, 407 F.3d 1081, 1087 (10th Cir.2005). "In resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (*citing Leverington v. City of Colo. Springs*, 643 F.3d 719, 732 (10th Cir. 2011)).

The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. *See Terry v. Ohio*, 392 U.S. 1, 22-27 (1968). "Excessive force claims are governed by the Fourth Amendment's 'objective reasonableness' standard." *Cavanaugh v. Woods Cross City*, 625 F.3d 661, 664 (10th Cir. 2010). Were the officers' actions "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation? *See Graham v. Connor*, 490 U.S. 386, 397 (1989). In resolving an excessive force question in the context of qualified immunity on a motion to dismiss, courts consider and balance three factors: "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to flee." *Morris v. Noe*, 672 F.3d 1185, 1195 (10th Cir. 2012) (citing *Graham*, 490 U.S. at 396).

### III.    Analysis

#### A.    Motions to Admit Evidence (Dkts. 36 and 38)

Plaintiff's motions to admit evidence seek to introduce documents and transcripts from Case No. 14 CR 313 in support of plaintiff's responses (Dkts. 25 and 27) to the motion to dismiss. The court previously warned plaintiff that these types of motions are improper, *see* Dkt. 11, and that after defendants filed their surreply (Dkt. 35), "the court will not consider and will strike any future improper pleadings without further discussion," Dkt. 34 at 2. Accordingly, these motions are stricken. The court did not consider any of the documents attached to the motions in deciding the motion to dismiss.

#### B.    Motion to Dismiss (Dkt. 21)

Defendants argue that they are entitled to qualified immunity because: 1) police officers may use a forceful takedown to prevent a kidnapping, 2) plaintiff posed an immediate threat to them and to Ms. Hartman by brandishing two knives, and 3) plaintiff resisted arrest and

4

attempted to flee. They claim that under the circumstances as described in the FAC, their actions were objectively reasonable.

The court agrees with defendants that the first and second *Graham* factors support using force against plaintiff. However, accepting as true all well-pleaded facts and viewing all reasonable inferences in plaintiff's favor, the court cannot say on this record that plaintiff was resisting arrest after he laid face down or after he was hand-cuffed. Defendants argue that the FAC "conspicuously lack any allegations that he was *not* resisting arrest." Dkt. 22 at 9 (emphasis in original). But on page 9 of the FAC, plaintiff unequivocally alleges that he was not resisting arrest or fighting defendants when Officer Radloff "drive stunned" him or when he was face down on the ground and held down. Although the development of the facts of this arrest may well reveal otherwise, for purposes of the motion to dismiss, the court concludes that plaintiff has pleaded enough facts to plausibly suggest that the amount of force used by the defendants was not objectively reasonable. As such, plaintiff has properly alleged an excessive force violation for purposes of the first step of the qualified immunity analysis.

With regard to the second step, plaintiff alleges that he was "drive stunned," beaten while he was face down on the ground and hand-cuffed with his hands behind his back for "about a minute," and "knee dropped" into unconsciousness – all while he was not resisting arrest or fighting defendants. Thus, even if the initial takedown of plaintiff was reasonable, a jury could conclude the events plaintiff describes afterwards are sufficient to support a claim of a violation of clearly established law. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) (holding that plaintiff's testimony that officers beat him with flashlights, kneed him in the groin, and shoved him face-first into a wall supported excessive-force claim and showed a genuine issue of material fact precluding summary judgment on qualified immunity); *McCoy v. Myers*,

5

No. 12-3160-CM, 2015 WL 751936, at *7 (D. Kan. Feb. 23, 2015) (allegations that officers twice beat and choked him into unconsciousness sufficient to survive motion to dismiss); *Hill v. Miller*, 878 F.Supp. 114, 116 (N.D. Ill. 1995) ("[T]he use of any significant force ... not reasonably necessary to effect an arrest—as where ... the force is used after a suspect's resistance has been overcome or his flight thwarted—would be constitutionally unreasonable.").

The court concludes that application of the qualified immunity doctrine is not appropriate at this stage in the litigation. The parties should present the court with a record that includes well-developed facts so the court can properly determine whether defendants are qualifiedly immune. Without such a record, the court cannot conclude that defendants are entitled to qualified immunity. Dismissal is therefore not proper in these circumstances.

C. **Motion to Compel Discovery (Dkt. 39)**

A motion to compel discovery must be accompanied by copies of the notices of the requests in dispute and a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure in an effort to obtain it without court action. Fed. R. Civ. P. 37; D. Kan. Rules 37.1 and 37.2. Moreover, the court may compel production only if the responding party has possession, custody, or control of the item. Fed. R. Civ. P. 34(a)(1). As noted by defendants, the Hutchinson Police Department, rather than the individual defendants, possess and control the requested video. Thus, it appears that plaintiff has not followed the proper procedures for requesting the video. *See* Fed. R. Civ. P. 34(c) (request for production to nonparties); Fed. R. Civ. P. 45 (subpoenas). Because plaintiff has failed to comply with the rules of discovery, the court denies plaintiff's motion to compel.

**D. Motion to Stay Discovery (Dkt. 41)**

The court's ruling on the motion to dismiss renders defendants' motion to stay discovery moot. Accordingly, the court denies the motion as moot. The court directs the clerk's office to refer this matter to a magistrate to handle discovery and pretrial matters. Plaintiff shall not file any discovery requests until after the parties have a discovery conference with the magistrate judge.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Dkt. 21) is **DENIED**; that plaintiff's motions to admit evidence (Dkt. 36 and 38) are **STRICKEN**; that plaintiff's motion to compel (Dkt. 39) is **DENIED**; that defendants' motion to stay discovery (Dkt. 41) is **DENIED** as moot.

**IT IS SO ORDERED** this 7th day of February, 2017.

                                                     s/ J. Thomas Marten
                                                     United States District Judge